# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-13-00333-CR
_____

### MARKESHIA MARSHALL, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 3**
**Jefferson County, Texas**
**Trial Cause No. 292155**

### MEMORANDUM OPINION

A jury found appellant Markeshia Marshall guilty of assault, a Class A misdemeanor. The trial court assessed punishment at ninety days in county jail, probated for one year, and imposed a $500 fine as a condition of probation.

Marshall's appellate counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel's brief presents his professional evaluation of the record and concludes there are no arguable grounds to be advanced in this appeal. Counsel provided

1

Marshall with a copy of this brief. We granted an extension of time for Marshall to file a pro se brief. Marshall filed a pro se brief raising a number of issues on appeal.

The appellate court need not address the merits of issues raised in *Anders* briefs or pro se responses. *Bledsoe v. State,* 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In these circumstances, we "may determine that the appeal is wholly frivolous and issue an opinion explaining that [the appellate court] has reviewed the record and finds no reversible error. Or, [we] may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* (citations omitted).

We have independently reviewed the clerk's record and the reporter's record, and we agree with Marshall's appellate counsel that no arguable issues support an appeal. *See id.* Therefore, we find it unnecessary to order appointment of new counsel to re-brief Marshall's appeal. *See id.; compare Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

---

[1]Marshall may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

_____
CHARLES KREGER
Justice

Submitted on November 4, 2014
Opinion Delivered May 13, 2015
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.